A97A2509. THE STATE v. BARFIELD.
(495 SE2d 622)

RUFFIN, Judge.

On February 2, 1997, Cody Duane Barfield, a minor, was arrested for driving under the influence of alcohol and charged with violating OCGA § 40-6-391 (a) (1) and (5). Barfield moved to suppress the results of his breath test, arguing that he was not properly read his implied consent rights. The trial court granted the motion, finding that the warning given Barfield deviated from the mandated language of OCGA § 40-5-67.1 (b). The State appealed, and for the following reasons, we affirm.

"In cases involving the review of the grant or denial of motions to suppress or motions in limine, we must construe the evidence most favorably to uphold the findings and judgment of the trial court, and that court's findings as to disputed facts and credibility must be adopted unless clearly erroneous. [Cits.]" *Wells v. State*, 227 Ga. App.

521 (489 SE2d 307) (1997).

The record shows that a city of Valdosta police officer stopped Barfield for speeding during the early morning hours of February 2, 1997. According to the officer, Barfield at first attempted to give him a credit card instead of his license. The officer noticed that Barfield smelled strongly of alcohol and had bloodshot eyes. Upon failing field sobriety tests, Barfield was arrested. The officer read Barfield an implied consent warning, and Barfield agreed to submit to the testing.

In reading the warning, the police officer omitted the word "chemical" from the first sentence, which reads "Georgia law requires you to submit to state administered *chemical* tests of your blood. . . ." (Emphasis supplied.) OCGA § 40-5-67.1 (b) (1). The officer also omitted the word "state" from the fifth sentence of the warning that provides "[a]fter first submitting to the required *state* tests. . . ." (Emphasis supplied.) Id. The officer additionally advised Barfield that he was entitled to "an additional chemical test" instead of "additional chemical tests" as set forth in the warning. Id. Finally, the officer inserted the word "this" before the word "testing" and omitted the word "the" in one sentence of the warning that states "[i]f you submit to testing and *the* results indicate an alcohol concentration of 0.10 grams or more. . . ." (Emphasis supplied.) Id.

In suppressing the test results, the trial court concluded that the officer was required to read the exact language of OCGA § 40-5-67.1 (b) and noted that the additions and omissions from the warning changed the meaning of the implied consent notice.

It is clear that the implied consent warning read by the officer did not match exactly the words of OCGA § 40-5-67.1 (b), which applies to all cases involving offenses committed on or after April 21, 1995. See OCGA § 40-5-67.1 (b.1). Barfield's "offense occurred at a time when the arresting officer was required to read the exact language mandated by OCGA § 40-5-67.1 (b). [Cit.]" (Punctuation omitted.) *State v. Fielding*, 229 Ga. App. 675, 678 (494 SE2d 561) (1997), citing *Richards v. State*, 225 Ga. App. 777, 779 (2) (484 SE2d 683) (1997). Accordingly, the trial court's suppression of the breath test results due to the officer's failure to comply with OCGA § 40-5-67.1 (b) was not clearly erroneous. *Fielding*, supra; *Richards*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 9, 1998.

*Richard W. Shelton, Solicitor*, for appellant.
*Samuel F. Greneker, William C. Head*, for appellee.