A97A2516. THE STATE v. HALSTEAD.
(496 SE2d 279)

ANDREWS, Chief Judge.

The State appeals from the trial court's order granting Jason S. Halstead's motion to suppress the results from an Intoxilyzer 5000 test on the grounds that the officer who stopped him failed to read the implied consent rights in the exact language mandated by OCGA § 40-5-67.1 (b). We affirm.

OCGA § 40-5-67.1 (b) states that the officer shall select and read to the person the appropriate implied consent warning. The appropriate consent warning in this case is, in pertinent part: "After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing." OCGA § 40-5-67.1 (b) (2). The implied consent warning read to Halstead was, in pertinent part: "After first submitting to the

required state tests, you are entitled to an additional chemical test of your blood, breath, urine, or other bodily substance at your own expense and from qualified personnel of your own choosing." The only variance between the implied consent warning given to Halstead and the implied consent warning in OCGA § 40-5-67.1 (b) is that the officer told Halstead he was entitled to an additional chemical *test*, not *tests* as mandated by the statute.

In interpreting OCGA § 40-5-67.1 (b), this Court has held that the language directing the officer to "select and read to the person the appropriate implied consent warning" means that substantial compliance with this Code section is not sufficient. The officer must give the correct warning. *State v. O'Donnell*, 225 Ga. App. 502, 505 (484 SE2d 313) (1997).

Further, in *Richards v. State*, 225 Ga. App. 777 (484 SE2d 683) (1997), relied on by the trial court, we held that the results of a chemical breath test should have been suppressed because "[t]he implied consent warning read by [the officer] did not match exactly the words of OCGA § 40-5-67.1 (b). . . ." Id. at 779 (2). The opinion in *Richards* does not recite what consent warning was read or how materially it differed from the one mandated by OCGA § 40-5-67.1 (b).

Although we realize that the warning read to Halstead differs only slightly from that mandated by the Code, substantial compliance with this Code section is no longer sufficient. Moreover, the trial court was entitled to rely on the language in *Richards* which states that the warning must match *exactly* the wording of OCGA § 40-5-67.1 (b). Therefore, we hold that since the implied consent warning read to Halstead was not the exact warning mandated by OCGA § 40-5-67.1 (b), the trial court did not err in granting Halstead's motion to suppress the Intoxilyzer 5000 results.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 15, 1998.

*Richard W. Shelton, Solicitor*, for appellant.
*Samuel F. Greneker, William C. Head*, for appellee.