## A98A1186. THE STATE v. HOPKINS.
### (503 SE2d 590)

BIRDSONG, Presiding Judge.

The State appeals from the trial court's order granting Rodney Hopkins' motion to suppress the results from an Intoxilyzer 5000 test on the grounds that the arresting officer did not read verbatim the implied consent notice mandated by OCGA § 40-5-67.1 (b). We reverse.

The record shows that the arresting officer read the implied consent warning verbatim except for one *possible* change. The officer *might* have read the last line as follows: "Will you submit to the state-administered chemical *test* of your breath under the implied consent law?" OCGA § 40-5-67.1 (b) (2) states that the last line should read as follows: "Will you submit to the state administered chemical tests of your (*designate which tests*) under the implied consent law?" The officer testified that because he "was asking for a singular test" of the appellant's breath only, he may have corrected the grammar and changed the word tests to test. The trial court "reluctantly" granted appellant's motion to suppress based upon this Court's decision in *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561). *Held*:

In *Fielding*, this Court held that "[i]n promulgating the 1995 amendment, the legislature obviously intended to provide a bright line test that clarified the specific language to be given in a warning and to alleviate the need for a case-by-case determination of what warnings are and are not legally sufficient. To hold, as the state suggests in the instant case, that strict compliance with OCGA § 40-5-67.1 (b) does not mean reading the warnings exactly as written, would effectively return us to the state of the law prior to the 1995 amendment. The substance of the implied consent warning would again control over form. We decline to make such a holding absent a clear mandate from our legislature." *Fielding*, 229 Ga. App. at 678.

We find, based upon the peculiar facts and circumstances of this case, that the arresting officer did read the specific language of the implied consent warning required by OCGA § 40-5-67.1 (b) (2). The last sentence of the warning specifically requires the officer to designate the tests for which he is requesting consent. The officer is not required to read the words "designate which tests" contained in OCGA § 40-5-67.1 (b). If the officer is requesting consent for only one test, as in this case, correcting the grammar of the sentence by changing tests to test is not a substantive change which alters the meaning of the question. Instead, it makes the critical sentence in the warning, which defines the test for which consent is sought, more understandable.

Our decisions in *Fielding*, 229 Ga. App. at 675, *State v. Halstead*,

230 Ga. App. 208 (496 SE2d 279) and *State v. Barfield*, 230 Ga. App. 141 (495 SE2d 622) are distinguishable because, in each of these cases, the changes to the specific words of the implied consent warning altered the meaning of the sentence in which the words appeared. Additionally, the changes in those cases were not made in the last sentence where the legislature has specifically authorized the arresting officer to designate other words. We therefore find that the trial court erred when it concluded that our decision in *Fielding* mandated that it grant appellant's motion to suppress the results of the breath test.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MAY 28, 1998.

*Ben F. Smith, Jr.*, Solicitor, *Forrest K. Shealy*, Assistant Solicitor, for appellant.
*J. Guy Sharpe, Jr.*, for appellee.