## A98A1513. THE STATE v. NOLEN.
### (508 SE2d 733)

RUFFIN, Judge.

The State directly appeals from the trial court's order granting Deforest Nolen's motion in limine to suppress the results from a chemical sobriety test on the grounds that the officer did not read verbatim the implied consent notice mandated by OCGA § 40-5-67.1. For reasons which follow, we reverse.

The record shows that Nolen was stopped by a DeKalb County police officer on October 12, 1997, for failing to maintain his vehicle in its lane of travel. After arresting Nolen for driving under the influence, the officer read the implied consent warning found in OCGA § 40-5-67.1 (b). The officer read the warning verbatim except for the omission of the word "and" in the next to the last sentence of the warning between the clause "at your own expense" and the clause "from qualified personnel of your own choosing." The officer should have stated, "After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense *and* from qualified personnel of your own choosing." (Emphasis supplied.) OCGA § 40-5-67.1 (b) (2). Although the trial court found that the omission of the word "and" did not alter the meaning of the sentence, it granted Nolen's motion in limine on March 12, 1998, based upon this Court's decisions in *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997) and *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998). In *Fielding*, we held that a 1995 amendment to OCGA § 40-5-67.1 required police officers to read the implied consent warning "exactly as set forth" in the Code section. *Fielding*, supra at 677-679.

On appeal, the State contends that the amendment to OCGA § 40-5-67.1, effective March 27, 1998, requires this Court to reverse the trial court's order suppressing the results of the chemical sobriety test. Ga. L. 1998, Act 573 (HB 1378). This amendment provides that the implied consent "notice shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." OCGA § 40-5-67.1 (b).

This Court is obligated to apply the law as it exists at the time its opinion is rendered. *State v. Martin*, 266 Ga. 244, 245 (1) (466

SE2d 216) (1996). Moreover, "where a statute governs only procedure of the courts, including rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. [Cits.]" *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988). In *Martin*, the Supreme Court concluded that a 1995 amendment to OCGA § 40-5-67.1 "modifies the scope of evidence which may be offered in a DUI trial. It does not affect the manner or degree of punishment and does not alter any substantive rights conferred on [the defendant] by law. [Cits.]" *Martin*, supra at 246 (3). Likewise, the 1998 amendment to the statute governs whether the results of a chemical test of a DUI suspect will be admissible evidence. It does not change any substantive rights of defendants. Thus, we must apply the statute as it now exists to this case.

The amended statute provides that the implied consent "notice shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." OCGA § 40-5-67.1 (b). In this case, the officer read the notice to Nolen in its entirety and the substance of the notice was not changed by the omission of the word "and" from the notice. Thus, the officer's reading of the notice complied with OCGA § 40-5-67.1, as amended.

Nolen contends that ex post facto provisions in the federal and state constitutions prohibit this Court from applying the 1998 amendment to this case. U. S. Const., Art. I, Sec. IX, Par. III; Art. I, Sec. I, Par. X, Ga. Const. of 1983. Nolen also contends that the 1998 amendment is unconstitutional because the Legislature exercised "judicial powers in violation of the Georgia Constitution, Art. I, Sec. I, Par. XXIII." [Sic][1] We cannot address these issues because "[t]he Supreme Court has exclusive appellate jurisdiction over all cases in which the constitutionality of a statute is called into question. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)." *Harper v. State*, 213 Ga. App. 611, 612 (1) (445 SE2d 300) (1994).

Nolen requests that we transfer this case to the Supreme Court of Georgia if we determine that constitutional issues are raised which are outside the jurisdiction of this Court. This we cannot do because the constitutionality of the 1998 amendment was neither raised by the parties below nor ruled upon by the trial court.[2] The Supreme Court of Georgia "does not have exclusive appellate jurisdiction over a case where the constitutional issue asserted on appeal has not been raised in and ruled upon by the trial court. [Cit.]"

---

[1] In the 1983 Constitution, Art. I, Sec. I, Par. XXIII deals with imprisonment for debt. We assume Nolen was attempting to invoke Art. I, Sec. II, Par. II regarding separation of powers which, in the 1945 Constitution, was listed as Art. I, Sec. I, Par. XXIII.

[2] The 1998 amendment came into effect after the State filed a notice of appeal from the trial court's order granting the motion to suppress.

*Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996).

Based upon our conclusion that the 1998 amendment applies retroactively, we reverse the trial court's decision to exclude evidence of Nolen's chemical test. Upon the return of the case to the trial court, Nolen may, if he wishes, raise his constitutional challenges to the 1998 amendment and preserve them for any subsequent appeal.

*Judgment reversed. Pope, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree that the trial court's order granting defendant's motion in limine must be reversed. The motion should be denied. Omission of the word "and" in the particular instance focused on does not change the meaning of the warning one whit. The lengthy and detailed warning prescribed by OCGA § 40-5-67.1 (b) (1) was recited in its entirety.

With respect to the precise issue here, defendant was given two disparate items of information for him to consider in making his decision whether to seek another chemical test. One factor was that he would have to pay for it ("at your own expense"). The other factor for him to weigh was that he would select the tester ("from qualified personnel of your own choosing"). The grammatical bridge used to connect these two items is "and" in the statute. But it is inconsequential and makes no difference in what is conveyed to the defendant, whether it is stated or not. The information communicated is the same. To say "at your own expense from qualified personnel of your own choosing" makes not a hair's breadth of difference from saying "at your own expense and from qualified personnel of your own choosing."

Surely the law does not countenance exclusion of the scientific proof of defendant's degree of intoxication as measured by a prescribed State-administered test on the thin thread of reasoning that the arresting officer did not in fact "read to the person the appropriate implied consent warning" as the statute requires because, as the trial judge heard it from the tape, the officer omitted the word "and."

In the cases cited, there was significant substantive alteration in the warning. In both *State v. Fielding*[3] and *State v. Halstead*[4] the suspect was misadvised; each arrestee was told only that he could take another test, not as many tests as he wished and would pay for. Particularly because there are a number of tests available for a variety of bodily substances, a person who is suspicious of the State's test or

---

[3] 229 Ga. App. 675 (494 SE2d 561) (1997).

[4] 230 Ga. App. 208 (496 SE2d 279) (1998).

simply desires confirmation of its results may want a number of tests, especially in a close case. After all, the ramifications of the results often are conviction or acquittal, imprisonment or liberty, loss or retention of license. The legislature deliberately provides a broad right, an open-ended right, to the amount and variety of proof an accused can muster.

*Richards v. State*[5] does not describe what was not "exact" in the warning by the officer as compared with the words of the statute. It may very well have deviated from the exact meaning meant to be conveyed by the statutorily prescribed wording. In *Martin v. State*[6] the warning was deficient in omitting the information that additional tests could be of various types, i.e., of the arrestee's blood, breath, urine, or other bodily substances. (Although the warning also omitted that the personnel who performed such test or tests had to be "qualified," the court did not dwell on that deviation.)

In this case, strict compliance was honored despite the undoubtedly inadvertent slip-of-the-tongue which occurred when the officer skipped the word "and." He gave "the correct warning"[7] in all of its elements and in all of its words but for the implicit conjunction "and." The officer fully, not merely substantially, advised Nolen of all of his rights. The de minimis nature of the omission did not affect the admissibility of the test results under the statute even before amended in 1998.

Thus there is no need to consider retroactivity of the legislature's express instruction that exact reading is not crucial "so long as the substance of the notice remains unchanged."[8] The issue, which due to timing was not raised in the trial court, is moot. Nor is there cause for deciding either the procedural status or the merits of the constitutional challenges, whether state or federal.

DECIDED SEPTEMBER 9, 1998.

*Ralph T. Bowden, Jr., Solicitor, Stephanie Duncan-Brent, Joy A. Grayson, W. Cliff Howard, Assistant Solicitors,* for appellant.
*Head, Mullis, Thomas & Webb, Thomas J. Thomas,* for appellee.

---

[5] 225 Ga. App. 777, 779 (2) (484 SE2d 683) (1997).

[6] 217 Ga. App. 860 (460 SE2d 92) (1995), rev'd on other grounds, *State v. Martin*, 266 Ga. 244 (1) (466 SE2d 216) (1996).

[7] See *State v. O'Donnell*, 225 Ga. App. 502, 505 (3) (484 SE2d 313) (1997).

[8] OCGA § 40-5-67.1, as amended March 27, 1998. Ga. L. 1998, Act 573 (HB 1378).