## A98A1278. THE STATE v. LEVINS.
(507 SE2d 246)

POPE, Presiding Judge.

Michael Levins was charged with driving under the influence of alcohol (DUI), driving with an unlawful alcohol concentration while under the age of 21, possessing alcohol while under the age of 21, and speeding. He filed a motion to suppress the results of a state-administered blood test. The trial court granted the motion because the arresting officer gave an implied consent notice to Levins that did not match the exact language of OCGA § 40-5-67.1 (b) (1). The state appeals from the court's order granting the motion to suppress the results of the blood test.

1. Levins' motion to dismiss the state's direct appeal is without merit. The state is authorized to appeal directly from the trial court's order suppressing the blood test results allegedly obtained in violation of OCGA § 40-5-67.1. See OCGA § 5-7-1 (a) (4); *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984).

2. The state asserts the trial court erred in ruling that the blood test results must be suppressed because the officer did not give an implied consent notice exactly tracking the language of OCGA § 40-5-67.1 (b) (1). At the time of the ruling, the trial court relied on opinions from this Court interpreting the statute as requiring an exact reading of the notice. See *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998); *State v. Barfield*, 230 Ga. App. 141 (495 SE2d 622) (1998); *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997). But since the trial court's ruling, the legislature has amended OCGA § 40-5-67.1 (b) so that it plainly does not require a verbatim reading of the implied consent notice. In passing the amendment, the General Assembly declared, but did not codify, "that while suspects in [DUI] cases should be informed of their rights regarding the administration of chemical testing, no such suspect is entitled to a notice

which tracks the exact language of the implied consent statute, so long as the substance of the notice remains unchanged." Ga. L. 1998, p. 210, § 1. The amended OCGA § 40-5-67.1 (b), effective March 27, 1998, provides that the implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." As we recently found in *State v. Nolen*, 234 Ga. App. 291 (508 SE2d 733) (1998) (physical precedent only), this amended statute should be applied retroactively.

A reviewing court applies the law as it exists at the time its opinion is rendered, rather than the law prevailing at the time the ruling under review was rendered. *State v. Martin*, 266 Ga. 244, 245 (1) (466 SE2d 216) (1996); *Helmeci v. State*, 230 Ga. App. 866, 868 (1) (498 SE2d 326) (1998). A reviewing court may therefore reverse a ruling that was correct when it was rendered if the law has been changed in the meantime and application of the new law will not impair a vested right under prior law. *Drake v. LaRue Constr. Co.*, 215 Ga. App. 453, 456 (2) (451 SE2d 792) (1994). In the current case, application of the amended OCGA § 40-5-67.1 (b) will not impair any vested right of Levins. "[T]he criminal defendant has no vested right to any particular rule of evidence or procedure; and the general assembly and the appellate courts may change the rules of evidence and procedure to his detriment so long as his substantive, statutory and constitutional rights are not breached thereby. [Cits.]" *Anderson v. State*, 163 Ga. App. 571, 573 (5) (295 SE2d 748) (1982). Levins has no vested right to the implied consent notice that was required by OCGA § 40-5-67.1 (b) before the amendment.

"Where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention." (Citations and punctuation omitted.) *Holsey v. State*, 199 Ga. App. 782, 783 (3) (406 SE2d 127) (1991). "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations. [Cits.]" *Polito v. Holland*, 258 Ga. 54, 55 (3) (365 SE2d 273) (1988). OCGA § 40-5-67.1 (b) does not create any substantive legal rights. Instead, the statute is a notice provision; it prescribes the methods by which a police officer should notify DUI suspects of their legal rights regarding chemical testing. OCGA § 40-5-67.1 (b) also governs evidence by providing that if a suspect is given proper notice, then any chemical tests, or the refusal to submit to a test, shall be admitted into evidence against the suspect.

The Supreme Court found that a prior amendment to OCGA § 40-5-67.1 (b) "modifies the scope of evidence which may be offered in a DUI trial. It does not affect the manner or degree of punishment and does not alter any substantive rights conferred on [the suspect]

by law. [Cits.]" *State v. Martin*, 266 Ga. at 246 (3). Likewise, the recent amendment to the statute does not alter any substantive rights conferred on Levins. Thus, the amended OCGA § 40-5-67.1 (b) is a procedural, rather than a substantive, law and is to be applied retroactively absent any contrary intention expressed by the legislature. Because there is no express contrary intention, we shall apply the amended statute in this case. See *State v. Nolen*, supra.

3. Here, the police officer omitted two words from the implied consent notice he read to Levins pursuant to OCGA § 40-5-67.1 (b) (1). He omitted the word "Georgia" from the second sentence of the statutory notice, which provides: " 'If you refuse this testing, your *Georgia* driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year.' " (Emphasis supplied.) OCGA § 40-5-67.1 (b) (1). He also omitted the word "own" in the next to the last sentence of the notice, which provides: "After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your *own* expense and from qualified personnel of your own choosing." (Emphasis supplied.) OCGA § 40-5-67.1 (b) (1).

Under the amended OCGA § 40-5-67.1 (b), the officer's reading of the implied consent notice was sufficient. The officer read the notice in its entirety. The two words omitted did not change the substance of the notice. We note that because Levins is a Georgia resident with a Georgia license, this case is materially distinguishable from *Deckard v. State*, 210 Ga. App. 421 (436 SE2d 536) (1993), in which an out-of-state DUI suspect was improperly told that his non-resident driver's license could be suspended. Unlike that suspect, Levins was not misled by the omission of the word "Georgia" from the notice because his Georgia license could in fact be suspended.

Because the notice given to Levins was read in its entirety and the two omitted words did not change the substance of the notice required by OCGA § 40-5-67.1 (b), the blood test results are admissible. Although the trial court's grant of the motion to suppress was based on cases interpreting the law as it existed at the time of the ruling, the change in the applicable law since that ruling requires that we reverse the trial court's ruling.

*Judgment reversed. Ruffin, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED SEPTEMBER 24, 1998 —
RECONSIDERATION DENIED OCTOBER 16, 1998.

*Ralph T. Bowden, Jr., Solicitor, Thomas E. Csider, W. Cliff Howard, Assistant Solicitors*, for appellant.

*Furlong & Franco, Leonard L. Franco*, for appellee.