### A98A1715. HARRISON v. THE STATE.
(508 SE2d 459)

JOHNSON, Presiding Judge.

After a jury trial, Benjamin Harrison was convicted of driving under the influence of alcohol when it was less safe for him to do so and failing to signal a lane change. OCGA §§ 40-6-391 (a) (1); 40-6-123. Harrison contends the trial court erred in denying his motion to suppress breath test results because the arresting officer failed to

---

read his implied consent rights in the exact language specified in OCGA § 40-5-67.1. We disagree and affirm.

"When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment." (Citations and punctuation omitted.) *Bolt v. State*, 230 Ga. App. 760, 761 (1) (497 SE2d 406) (1998).

The implied consent warning given to Harrison, which was recorded and transcribed, varied in the following ways from the warning set forth in OCGA § 40-5-67.1 (b) (2):

(a) The warning in the statute provides: "Georgia law requires you to submit to state administered chemical tests. . . ." The officer added "the" between "to" and "state," and changed "tests" to "test."

(b) The statute further provides: "If you submit to testing and the results indicate an alcohol concentration of 0.10 grams or more. . . ." The officer added "the" between "to" and "testing," and omitted "0" before ".10."

(c) The statute provides: "After first submitting to the required state tests, you are entitled to additional chemical tests . . . at your own expense and from qualified personnel of your own choosing." The officer said required state "test" instead of "tests" and said "at your own expense from a qualified personnel" rather than "at your own expense and from qualified personnel."

(d) The officer also misread a part of that sentence and corrected himself, saying: "you are entitled to additional chemical tests . . . *of your own exp* — at your own expense."

Harrison was arrested and read the implied consent warning in November 1997. At that time, OCGA § 40-5-67.1 was interpreted as requiring the arresting officer to read the exact language contained in OCGA § 40-5-67.1 (b).[1] See *Richards v. State*, 225 Ga. App. 777, 779 (2) (484 SE2d 683) (1997), rev'd on other grounds, 269 Ga. 483 (500 SE2d 581) (1998).

However, this Court has upheld the trial court's denial of a motion to suppress where the warning given may have differed slightly from the statutory language. In *State v. Hopkins*, 232 Ga. App. 705 (503 SE2d 590) (1998), the officer possibly asked the defendant if he would submit to the state-administered "test" of his breath rather than to the state-administered "tests" of his breath as provided in the statute. We based our decision in part upon a finding that the change did not affect the meaning of the sentence. As in *Hopkins*, we hold that the trial court's ruling in this case was not

---

[1] OCGA § 40-5-67.1 was amended effective March 27, 1998. It now expressly provides that the implied consent warning "need not be read exactly so long as the substance of the notice remains unchanged." Ga. L. 1998, pp. 210, 212.

clearly erroneous inasmuch as the misstatements did not change the substance of the warning.

We do not agree that cases such as *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998); *State v. Barfield*, 230 Ga. App. 141, 142 (495 SE2d 622) (1998); or *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997), require a contrary result.

In *Halstead*, we affirmed the grant of a motion to suppress where the officer told the defendant he was entitled to "an additional chemical test" when he should have said the defendant was entitled to have "additional chemical tests." The difference between "test" and "tests" in that context is clear. In *Barfield*, we affirmed the grant of a motion to suppress where the officer said: "state administered tests" rather than "state administered *chemical* tests"; "after submitting to the required tests" rather than "after submitting to the required *state* tests"; "an additional chemical test" rather than "additional chemical tests"; said "this testing" rather than "testing"; and "results" instead of "the results." The first and third of those misstatements changed the meaning of those sentences.

Finally, in *Fielding*, we affirmed the grant of a suppression motion where the officer said "an additional test" instead of "additional tests." The error, which was also made in *Barfield* and *Halstead*, changed the meaning of the sentence; namely, whether the defendant was entitled to one or more than one additional test. And, in both *Halstead* and *Barfield*, we expressly considered whether the omissions and additions changed the meaning of the notice. In this case, the meaning of the warning did not change, and Harrison was not harmed. Construing the evidence most favorably to uphold the trial court's ruling, we hold that there was a substantial basis for its decision to deny Harrison's motion to suppress.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 2, 1998.

*William F. Sparks*, for appellant.

*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.