A98A2444. THE STATE v. MAYO.
(508 SE2d 475)

ELDRIDGE, Judge.

The State appeals a Cobb County State Court's order granting Brent Mayo's motion to suppress his State-administered breath test. For the following reasons, we reverse.

Mayo filed his motion to suppress on the basis that the implied consent warnings, given pursuant to OCGA § 40-5-67.1 (b) (2), were not read precisely in the language of the statute. The officer added two articles, "a" and "the," to the warnings. The trial court found that "the addition of the articles does not change the meaning of the

---

notice," but concluded that the officer's errors required suppression of the breath test results.[1] In addition, the trial court noted that, effective March 27, 1998, the General Assembly amended OCGA § 40-5-67.1 (b) to state that an implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Ga. L. 1998, pp. 210, 212. However, the court determined that the statutory amendment did not apply since Mayo's offense occurred prior to the effective date of the amendment.

The disposition of this case is controlled adversely to Mayo by our recent decision in *State v. Moncrief*, 234 Ga. App. 871 (508 SE2d 216) (1998).

In *State v. Moncrief*, we found that the 1998 amendment to OCGA § 40-5-61 was purely procedural in nature and did not impact on any substantive rights conferred by the statute. See also *State v. Martin*, 266 Ga. 244 (466 SE2d 216) (1996); *Helmeci v. State*, 230 Ga. App. 866 (498 SE2d 326) (1998). Unless application of a new statute alters substantive rights conferred by law, "[i]t is a well-established rule that an appellate court applies the law as it exists at the time its opinion is rendered." (Citation and punctuation omitted.) *State v. Moncrief*, supra at 872. As such, this Court will apply amended OCGA § 40-5-67.1 to cases on appellate review, regardless of the effective date of the amendment in relation to the incident date of the case.

Under the amendment to the statute, implied consent warnings need not be read precisely in the language of the statute, as long as the substance of the warnings remains unchanged. Here, the trial court specifically found that the officer's inadvertent addition of two articles did not change the substance of the implied consent warnings. We agree. Accordingly, the errors here do not serve as a basis for the granting of the instant motion to suppress. OCGA § 40-5-67.1 (b).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 3, 1998.

*Barry E. Morgan, Solicitor, Laura J. Murphree, Jessica K. Moss, Assistant Solicitors*, for appellant.

---

[1] See *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997); *State v. Barfield*, 230 Ga. App. 141 (495 SE2d 622) (1998); and *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998), which require that the statutory language of the implied consent warnings be read exactly.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor,* for appellee.