A98A2122. THE STATE v. BLACK.
(510 SE2d 903)

MCMURRAY, Presiding Judge.

Defendant was charged in an accusation with driving under the influence of alcohol, obstruction, reckless driving, failure to maintain lane and speeding. The trial court granted defendant's motion in limine to exclude evidence of his refusal to take a state administered breath test based on the arresting officer's failure to read verbatim the implied consent notice mandated by OCGA § 40-5-67.1 (b) (2). The State appeals. *Held*:

The General Assembly amended OCGA § 40-5-67.1 (b), effective March 27, 1998, to state that an implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Ga. L. 1998, pp. 210, 212. Although the offenses for which defendant is charged allegedly occurred on November 2, 1997, this amendment applies retroactively in the case sub judice. See *State v. Moncrief,* 234 Ga. App. 871, 872 (4), 873 (5) (508 SE2d 216). Accordingly, the controlling issue is whether the implied consent warnings given defendant satisfied the applicable

statutory requirement under OCGA § 40-5-67.1. See *State v. Sneddon*, 235 Ga. App. 739 (510 SE2d 566). To this extent, defendant complains that the arresting officer's implied consent warnings were deficient because the arresting officer changed the word "tests" to "test" in OCGA § 40-5-67.1 (b) (2)'s next to the last sentence and thereby changed the Code subsection's meaning.[1] We do not agree.

The arresting officer's testimony reveals that he used the word "test" instead of "tests" in the next to the last sentence of his implied consent warnings to defendant because the officer only asked defendant to submit to one type of state administered test — i.e., a breath test. Under such circumstances, we find that the arresting officer's implied consent warnings to defendant satisfied the applicable statutory requirements under OCGA § 40-5-67.1. See *State v. Hopkins*, 232 Ga. App. 705 (503 SE2d 590). The trial court therefore erred in granting defendant's motion in limine to exclude evidence of his refusal to take a state administered breath test.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 19, 1999 — 

*Barry E. Morgan, Solicitor, Lawton W. Scott, Assistant Solicitor*, for appellant.
*James M. Mullis*, for appellee.

---

[1] The arresting officer testified that he advised defendant as follows: "Georgia law requires you to submit to state-administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. And your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.10 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state test, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances of your own expense and from qualified personnel of your own choosing. Will you submit to the state-administered chemical test of your breath . . . under the Implied Consent law?"