A98A2176. THE STATE v. PAYNE.
(512 SE2d 292)

ANDREWS, Judge.

After Bell L. Payne was arrested on May 17, 1997, and charged with driving under the influence of alcohol, she moved to suppress the results of the state-administered breath test on the ground that the arresting officer gave an implied consent notice to her that did not conform to the notice set forth in OCGA § 40-5-67.1 (b) (2). The trial court granted the motion, and the State appeals pursuant to OCGA § 5-7-1 (a) (4).

The required implied consent notice is set forth in OCGA § 40-5-67.1 (b) (2) as follows: "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.10 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your *(designate which tests)* under the implied consent law?"

The record of the arresting officer's testimony at the suppression hearing shows that the officer read the implied consent notice to Payne in language that differed from the statutory notice as follows (the officer's omissions are in brackets and his additions are underlined): "Georgia law requires you to submit to a state-administered

chemical test[s] of your blood, breath, urine or other bodily substance[s] for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at a trial. If you submit to testing, and the results indicate an alcohol concentration of [0].10 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state test[s], you are entitled to an additional chemical test[s] of your blood, breath, urine or other bodily substance at your own expense and from qualified personnel of your own choosing. Will you submit to the state-administered chemical test[s] of your breath under [the] implied consent law?"

Because the officer did not read the notice according to the exact statutory language, the trial court's May 21, 1998 order granted Payne's motion to suppress the results of the breath test relying on opinions from this Court which required that the statutory notice set forth in OCGA § 40-5-67.1 (b) be read according to its exact language. See *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998); *State v. Barfield*, 230 Ga. App. 141 (495 SE2d 622) (1998); *State v. Fielding*, 229 Ga. App. 675 (494 SE2d 561) (1997). However, subsequent to those opinions, OCGA § 40-5-67.1 (b) was amended by the legislature effective March 27, 1998, to provide that the implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." We held in *State v. Moncrief*, 234 Ga. App. 871, 872-873 (508 SE2d 216) (1998) that the amendment had retroactive effect. Accordingly, the prior opinions of this Court relied upon by the trial court requiring the exact statutory language are no longer applicable. Pursuant to the amendment to OCGA § 40-5-67.1 (b), we must determine whether the arresting officer's reading of the implied consent notice to Payne in language that differed from the statute changed the substance of the statutory notice.

In the first and last two sentences of the notice, the officer used language indicating that Payne was required to submit to "a" state-administered chemical "test," instead of submitting to state-administered "tests" as set forth in the statute. Since the officer requested that Payne submit to only one test of a bodily substance, a breath test, this was not a substantive change in the notice. *State v. Sneddon*, 235 Ga. App. 739 (510 SE2d 566) (1998); *State v. Hopkins*, 232 Ga. App. 705 (503 SE2d 590) (1998). In this context, the change in the statutory notice from bodily "substances" to "substance" in the first sentence of the officer's notice was also insubstantial.

In the second to last sentence of the notice, the officer used language indicating that, after submitting to state-required testing, Payne was entitled to "an" additional chemical "test" of her blood, breath, urine or other bodily "substance," at her own expense and from qualified personnel of her own choosing. The statutory notice provides that, after submitting to state-required testing, Payne was entitled to "additional chemical tests of [her] blood, breath, urine, or other bodily substances" at her own expense and from qualified personnel of her own choosing. In *Rojas v. State*, 235 Ga. App. 524 (509 SE2d 72) (1998) we held that similar changes did not alter the substance of the statutory notice. "In notifying [Payne] that after submitting to the required state-administered test, she was entitled to an additional chemical *test* of her own choosing, the substance of the notice [the arresting officer] gave [Payne] was unchanged. [The officer] alerted [Payne] to the fact that she could have additional testing done — that he did not alert her that she could have additional tests performed is not dispositive under the amended OCGA § 40-5-67.1 (b)." (Emphasis in original.) Id. at 527 (1).

The other differences from the statutory notice in the third, fourth, and last sentences of the notice read by the officer are either minor changes of no substance or changes contemplated in the statutory notice by the officer's designation of a test.

Under the amended OCGA § 40-5-67.1 (b), Payne was not entitled to suppression of the state-administered breath test.

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 9, 1999.

*Leslie C. Abernathy, Solicitor, Laura A. Janssen, Assistant Solicitor*, for appellant.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor*, for appellee.