A99A1591. EBERLY v. THE STATE.
(522 SE2d 294)

ELDRIDGE, Judge.

A Glynn County jury found John Paul Eberly guilty of driving under the influence of alcohol — less safe driver — and a violation of OCGA § 40-6-272 regarding his duty upon striking a fixed object. Eberly appeals the conviction.

In his sole enumeration of error, Eberly challenges the trial court's denial of his motion to suppress his refusal to take a State-administered chemical test. In support thereof, Eberly contends that the arresting officer's incorrect reading of the implied consent notice, OCGA § 40-5-67.1 (b) (2), changed the substance of such notice and misadvised Eberly of his rights under the statute. Apparently, the officer informed Eberly that, following the State's chemical test, Eberly was entitled to secure an additional chemical test — singular — of his choice at his own expense, while the statute provides that Eberly was entitled to obtain additional tests — plural — of his choice at his own expense.

This issue has been decided adversely to Eberly. *State v. Payne*,

<hr>

236 Ga. App. 338, 340 (512 SE2d 292) (1999); *Rojas v. State*, 235 Ga. App. 524 (509 SE2d 72) (1998). The record shows, and Eberly concedes, that he was informed he could have additional testing done upon request. Thus, there was substantial compliance with the statutory mandates of OCGA § 40-5-67.1 (b), as amended.[1] *State v. Payne*, supra at 340; *Rojas v. State*, supra at 527 (1). The trial court did not err in denying Eberly's motion to suppress.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 9, 1999 —
RECONSIDERATION DENIED OCTOBER 4, 1999.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.

---

[1] As amended, OCGA § 40-5-67.1 (b) states in pertinent part that an implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged."