## A99A1460. MAURER v. THE STATE.
(525 SE2d 104)

PHIPPS, Judge.

After a bench trial, Maurer was found guilty of DUI with an unlawful alcohol concentration and to the extent that it was less safe to drive, as well as following too closely. He appeals his convictions. Among other things, we are asked to determine whether there was probable cause for Maurer's DUI arrest and justification for State-administered breath tests.

Fulton County Police Officer Inman was dispatched to a multi-vehicle intersection collision. He ascertained that Maurer had been operating a vehicle that had rear-ended a stationary vehicle, propel-

ling it into another. Maurer's vehicle sustained extensive damage. While questioning Maurer, the officer detected a strong odor of alcoholic beverage about his person and observed that Maurer had bloodshot eyes, a flushed face, slurred speech, and an unsteady walk.

Because of his observations, Inman asked Maurer to submit to a series of field sobriety evaluations. Testimony given by Inman showed that Maurer performed these evaluations in an erratic manner, as by transposing letters during his recitation of the alphabet. Inman thereupon arrested Maurer for DUI, gave him implied consent warnings, and obtained his consent to the performance of a State-administered chemical test of his breath. The results of sequential tests administered with an Intoxilyzer 5000 machine showed an alcohol concentration of .221 grams and .227 grams.

1. Maurer first contends the court erred in ruling that the prosecution was not required to comply with his notice to produce documents relating to the Intoxilyzer (e.g., log sheets showing the results of tests performed on other subjects, service and operation manuals, inspection reports, and service and repair records).

> Notices to produce under [OCGA § 24-10-26] can be used in a criminal case "to compel production of books, writing or other documents or tangible things in the possession, custody or control" of the opposite party, the State ([prosecuting] attorney and investigating officers,) for use at trial, or at a pretrial evidentiary hearing, where such books, etc., would be admissible and are needed for use as evidence on behalf of the defendant. [Cit.]

(Footnotes omitted.) *Wilson v. State*, 246 Ga. 62, 64 (1) (268 SE2d 895) (1980).

Materials such as those requested are not reasonably expected to be found in the possession, custody, or control of the prosecutor. See *Fletcher v. State*, 157 Ga. App. 707, 708 (3) (278 SE2d 444) (1981). At trial, the prosecuting attorney stated without contradiction that the requested documents were not in the prosecution's possession. The State was under no duty to produce these documents.

2. Maurer next charges the court with error in denying his motion to suppress. Maurer sought to suppress the results of the breath tests due to a misreading of the implied consent warning.

OCGA § 40-5-67.1 (b) (2) required Inman to inform Maurer that his driver's license might be suspended if he submitted to testing and the results indicated an alcohol concentration of .10 grams or more. When Inman read the implied consent warning at trial, he initially testified that he informed Maurer that his driver's license was subject to suspension if his alcohol concentration was .01 grams or more.

But Inman later testified that he actually informed Maurer that the legal limit is .10 grams. In giving the later testimony, Inman attributed his initial testimony to a slip of the tongue caused by rapid speech.

Whether Inman gave the correct or incorrect warning was a question of fact which the court was authorized to resolve in the State's favor. Moreover, the amended version of OCGA § 40-5-67.1 (b) states that the implied consent notice " 'need not be read exactly so long as the substance of the notice remains unchanged.' [Cit.]" *Gentry v. State*, 236 Ga. App. 820, 824 (4) (513 SE2d 528) (1999). Even if Inman had read the warning incorrectly, he would have done nothing more than understate the legal limit of alcohol concentration (i.e., .01 rather than .10 grams). An understatement of the legal limit would naturally induce the person to whom the warning was given to withdraw his consent to testing whereas he otherwise might not. Conversely, the person might be led to submit to testing if the legal limit were overstated. Because Maurer did not withdraw his consent, any understatement of the legal limit did not change the substance of the notice in any way harmful to him. See *State v. Payne*, 236 Ga. App. 338, 339 (512 SE2d 292) (1999); *Rojas v. State*, 235 Ga. App. 524, 525-528 (1), (2) (509 SE2d 72) (1998). The court did not err in denying his motion to suppress.

3. Finally, Maurer contends the court erred in denying his motion to suppress the results of the breath tests, because there were insufficient grounds to justify them.

> The implied consent law pursuant to which [Maurer] gave consent to the testing was contingent upon [his] arrest for an offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391 and reasonable grounds for the officer to believe that [he] was driving [his] vehicle in violation of § 40-6-391. [Cits.]

*State v. Lewis*, 233 Ga. App. 390, 392 (2) (504 SE2d 242) (1998). Probable cause for a DUI arrest establishes reasonable grounds for testing. *Martin v. State*, 214 Ga. App. 614, 615 (1) (448 SE2d 471) (1994); see also *Davis v. State*, 187 Ga. App. 517, 518 (1) (370 SE2d 779) (1988). The evidence supports the trial court's determination that there was probable cause for Maurer's arrest. See *Singleterry v. State*, 227 Ga. App. 155 (1) (489 SE2d 42) (1997); *Martin v. State*, supra at 615-616 (1). Therefore, the testing was justified.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

148

*Clark & Towne, Jessica R. Towne,* for appellant.
*Carmen Smith, Solicitor, Cynthia Strong-McCarthy, Assistant Solicitor,* for appellee.