## A99A1756. THE STATE v. GARNETT.
(527 SE2d 21)

BARNES, Judge.

The State appeals from the trial court's order granting Gordon Garnett's motion to suppress evidence of his refusal to submit to a state-administered test of his blood. Because we find the trial court erroneously interpreted the word "entirety" in OCGA § 40-5-67.1 (b), we reverse.

On September 16, 1997, a police officer arrested Garnett for driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and read him the implied consent warning from a pink card. During the motion to suppress hearing, the police officer was asked to read from the card as he read to Garnett on the evening of Garnett's arrest. The hearing transcript shows that the officer omitted the last word, "law," of the implied consent warning during this testimony.[1] In its order granting the motion to suppress, the trial court found that the implied consent warning on the officer's pink card "contains the exact language of the warning that must be given." However, because the transcript showed that the officer omitted the last word when he read the card during the hearing, the trial court ruled that he did not give the warning to Garnett in its "entirety." It then ruled that it was required to suppress evidence of Garnett's refusal to submit to a blood test because the officer omitted a word during his testimony, even though it also found that the omission of this word did not alter the substance of the required warning. Under the trial court's interpretation of OCGA § 40-5-67.1 (b), our courts cannot consider whether the substance of the warning has been changed if a word is omitted because the warning has consequently not been given in its "entirety."

We disagree with the trial court's interpretation of OCGA § 40-5-67.1 (b). This statute provides that the implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Construing this sentence as a whole, it is clear that through the use of the word "entirety," the legislature intended for police officers to read the implied consent warning all the way through, instead of reading, for example, only half of it. By also providing that it "need not be read exactly so long as the substance of the notice remains unchanged," the legislature allowed for human error in the reading of the warning, such as the omission of a word or two, as long as its meaning was not affected.

This construction is also consistent with decisions in which this

---

[1] The last sentence of the notice should read: "Will you submit to the state administered chemical tests of your **(designate which tests)** under the implied consent law?" OCGA § 40-5-67.1.

court has found that the omission of words from the implied consent notice did not alter its substance. See *State v. Moncrief*, 234 Ga. App. 871, 873 (5) (508 SE2d 216) (1998); *State v. Levins*, 234 Ga. App. 739, 741 (3) (507 SE2d 246) (1998) (physical precedent). Because we find the police officer's omission of the last word of the implied consent notice did not alter its substance, the trial court erred when it granted Garnett's motion to suppress.

*Judgment reversed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 6, 1999.

*Spencer Lawton, Jr., District Attorney, Kevin T. Almeroth, Assistant District Attorney*, for appellant.

*Simon, Booth, Cook & Cardillo, Frank G. Cardillo*, for appellee.