A94A2828. THE STATE v. RENFROE.
(455 SE2d 383)

McMURRAY, Presiding Judge.

Defendant was charged via a four-count accusation with driving under the influence of alcohol, driving with a suspended license, operating a motor vehicle with no insurance, and no proof of insurance. He filed a written pretrial motion in limine to exclude and suppress "any and all evidence . . . including any evidence of the Defendant's alleged refusal to take a State administered chemical test and the results of any field sobriety test. . . ." Defendant contended that the arresting officer "did not inform the Defendant that as an out-of-state

(Florida) license holder only his privilege to drive in the State of Georgia could be suspended. Consequently, . . . informing the Defendant that his *license* may be suspended for 'a minimum period of one year' . . . [was] erroneous information which made it impossible for the Defendant to make an informed decision. . . ." (Emphasis in original.) He also filed a separate motion to exclude evidence for alleged constitutional violations pursuant to OCGA § 17-5-30, and various other motions. After a hearing on defendant's motions, the trial court denied general and special demurrers and also denied a motion to dismiss on constitutional grounds but further held that the "implied consent warnings given to this particular Defendant were so confusing, inaccurate and misleading that the Defendant was deprived of his right to make an intelligent and informed decision as to whether or not he should submit to the State administered chemical test." The arresting officer also failed to specify that defendant's right to additional chemical tests included the right to tests of his "blood, breath or urine at his own expense." Consequently, the trial court granted "Defendant's Motion to Suppress evidence of his refusal to take the State administered chemical test. . . ." The State pursued this direct appeal. *Held:*

The sole enumeration of error in the case sub judice is controlled by the recent whole court opinion in *State v. Coleman*, 216 Ga. App. 598 (455 SE2d 604) (1995). We find no error in the trial court's ruling.

*Judgment affirmed. Pope, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in the judgment of the majority affirming the trial court's judgment. I write specially to point out two matters the majority fails to mention.

1. The appellee has moved this court to dismiss the State's appeal on the ground that the ruling from which the State appeals is not one of those enumerated in OCGA § 5-7-1 entitling the State to bring an appeal. This motion is meritless. "[I]f a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the [S]tate." *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984). This is true regardless of whether it is obtained unlawfully because it violates the Constitution or regulations of the State Department of Public Safety. Id. This evidence — i.e., Renfroe's refusal to take the test — was unlawfully obtained.

2. In addition to the issue controlled by this court's decision in *State v. Coleman*, 216 Ga. App. 598 (455 SE2d 604) (1995), the trial court based its ruling excluding this evidence upon the arresting of-

ficer's failure to inform Renfroe of his right to have an additional, independent chemical test by a person of his own choosing at his own expense. This issue provides another basis for affirming the trial court's exclusion of the evidence, and it is controlled by this court's recent decision in *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (1994).

DECIDED MARCH 16, 1995.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellant.
*William C. Head*, for appellee.