A98A2245. THE STATE v. MONCRIEF.
(508 SE2d 216)

ELDRIDGE, Judge.

The DeKalb County State Court granted Courtney Moncrief's motion in limine and suppressed the results of her breath test because the officer who arrested Moncrief for driving under the influence did not give her an implied consent warning in the exact language of OCGA § 40-5-67.1 (b) (1). The State appeals from the trial court's order on the motion.

An audio/video tape of the entire stop is before this Court, as it was before the trial court. The tape shows that, on February 28, 1998, Moncrief was stopped at 4:00 a.m. for speeding on the interstate. She informed the officer that her wallet, with driver's license and insurance card inside, was at the bar she just left. Moncrief was 18 years old at the time of the stop. She told the officer that she drank two glasses of wine at the bar. Her roadside alcosensor test showed positive for alcohol at above the limit for those under the legal drinking age who are operating a motor vehicle.

Moncrief was arrested and placed in the back of the patrol car. The officer informed her that he was going to read her the implied consent warnings. She asked, "What's that?" The officer replied that the warnings are "Your rights in this situation."

Thereafter, the officer slowly, clearly, and *painstakingly* read the implied consent warnings in the exact language of OCGA § 40-5-67.1 (b) (1), the applicable notice for those suspects under the age of 21. The officer put extra emphasis on the word "tests," as opposed to "test." See *State v. Halstead*, 230 Ga. App. 208 (496 SE2d 279) (1998). A review of the audio/video tape demonstrates that the officer read the following to Moncrief:

"Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for

the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to [*the*] required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.02 grams or more, your Georgia driver's license or privilege to drive on the highways of this state will be suspended and, if you are convicted of having such an alcohol concentration, will be revoked. After first submitting to [*the*] required tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your breath under the implied consent law?" See OCGA § 40-5-67.1 (b) (1).[1]

At the hearing on Moncrief's motion in limine, it was determined from the audio/video tape that two articles, "the", as italicized in brackets above, were omitted from the warnings. Thus, the trial court suppressed the results of Moncrief's breath test based upon an incorrect reading of the implied consent warnings. See *Richards v. State*, 225 Ga. App. 777 (484 SE2d 683) (1997), rev'd 269 Ga. 483 (500 SE2d 581) (1998). *Held*:

1. Moncrief's motion to dismiss this appeal is denied. We will not ignore the correct *application* of the law simply because such was not addressed below.

2. Effective March 27, 1998, the General Assembly amended OCGA § 40-5-67.1 (b) to state that an implied consent notice "shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Ga. L. 1998, pp. 210, 212. The content of the implied consent warnings, themselves, remains unchanged by the 1998 amendment. See Ga. L. 1998, p. 211; OCGA § 40-5-67.1 (b) (1).

3. It is a well-established rule that "an appellate court applies the law as it exists at the time its opinion is rendered[.]" (Citations and punctuation omitted.) *State v. Martin*, 266 Ga. 244, 245 (466 SE2d 216) (1996); *Helmeci v. State*, 230 Ga. App. 866, 868 (498 SE2d 326) (1998), cert. denied. Thus, "unless application of the new statute in this case violates constitutional principles, we are bound to apply it." *Helmeci v. State*, supra at 868.

4. The 1998 amendment to OCGA § 40-5-67.1 is procedural and

---

[1] Thereafter, the officer asked "Will you take a breath test?" Moncrief responded in the affirmative. Her breath test showed a blood alcohol level of .06. When driving, the maximum blood alcohol level permitted for those under the legal drinking age is .02. OCGA § 40-6-391 (k) (1).

affects only the admissibility of breath test results at trial. The amendment changes neither the substance of the warnings themselves nor the substance of a defendant's rights as stated in the warnings. Both this Court and the Supreme Court of Georgia have specifically held that the application of a non-substantive amendment to OCGA § 40-5-67.1 which impacts on evidentiary concerns does not violate constitutional principles. *State v. Martin*, supra at 245 (3); *Helmeci v. State*, supra at 868. As was held in *State v. Martin*, "The [1998] amendment does not violate federal or State ex post facto constitutional provisions. . . . The [1998] amendment modifies the scope of evidence which may be offered in a DUI trial. It does not affect the manner or degree of punishment and does not alter any substantive rights conferred on [Moncrief] by law." (Citations omitted.) Id. at 245-246.

5. Accordingly, we find that the provisions of the 1998 amendment apply to this case. "The record establishes that the implied consent warning given [Moncrief] satisfied the applicable statutory requirement under [amended] OCGA § 40-5-67.1[.]" Id. at 247. Therefore, the trial court's order granting Moncrief's motion in limine as to her breath test results is reversed.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998 — 

*Ralph T. Bowden, Jr., Solicitor, Candace N. Kicklighter, W. Cliff Howard, Assistant Solicitors*, for appellant.

*William C. Head*, for appellee.