A98A2310. THE STATE v. McGRAW.
(514 SE2d 34)

RUFFIN, Judge.

On October 31, 1995, Laura McGraw was arrested for driving under the influence of alcohol. After the arresting officer, J. S. Clayton, read an implied consent warning, McGraw agreed to submit to a chemical test of her blood, which revealed a blood alcohol concentration of 0.11 grams. The trial court granted McGraw's motion to suppress the blood test results, holding that (1) the implied consent warning read by Officer Clayton did not conform to the exact language of OCGA § 40-5-67.1 and (2) the officer's warning did not substantially comply with the statute. Because exact compliance with the language of OCGA § 40-5-67.1 is not necessary, and because the officer's warning did in fact substantially comply with the statute, we reverse.

1. In cases such as *Richards v. State*, 225 Ga. App. 777, 779-780

(2) (484 SE2d 683) (1997), this Court held that the implied consent warning read by an arresting officer must exactly match the language of OCGA § 40-5-67.1 (b). Effective March 27, 1998, however, OCGA § 40-5-67.1 (b) was amended to provide that "[s]uch notice shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." Ga. L. 1998, pp. 210, 212-213. The trial court held that the March 1998 amendment did not apply retroactively and that Officer Clayton was therefore required to read the exact language of the statutory notice. In several recent cases, however, this Court has held that the March 1998 amendment is procedural in nature and thus should be given retroactive effect. See *Rojas v. State*, 235 Ga. App. 524 (509 SE2d 72) (1998); *State v. Sneddon*, 235 Ga. App. 739 (510 SE2d 566) (1998); *State v. Moncrief*, 234 Ga. App. 871, 872-873 (4) (508 SE2d 216) (1998). See also *State v. Levins*, 234 Ga. App. 739, 740-741 (2) (507 SE2d 246) (1998) (physical precedent only); *State v. Nolen*, 234 Ga. App. 291, 292 (508 SE2d 733) (1998) (physical precedent only). Accordingly, the trial court erred in holding that the officer was required to read the exact language of the statute.

2. The trial court also held that, even if the March 1998 amendment applied retroactively, Officer Clayton's warning was insufficient because it failed to substantially comply with the statute. The trial court pointed to several instances in which the officer's warning did not precisely track the language of the statute. As discussed below, however, none of these instances changed the substance of the implied consent notice.

(a) On two occasions, Officer Clayton referred to a singular "test," as opposed to plural "tests," when referring to the state-administered test he was requesting. At the beginning of the warning, the officer stated that "Georgia law requires you to submit to *a state administered chemical test* . . .," instead of "state administered chemical *tests*." Later, the officer said, "After first submitting to the required *State's test* . . .," instead of "required *state tests*." These references to a singular test, however, do not constitute a substantive change in the implied consent notice when the officer is only requesting a single test.

> If the officer is requesting consent for only one test, as in this case, correcting the grammar of the sentence by changing tests to test is not a substantive change which alters the meaning of the question. Instead, it makes the critical sentence in the warning, which defines the test for which consent is sought, more understandable.

(Punctuation omitted.) *Sneddon*, supra; see also *State v. Hopkins*,

232 Ga. App. 705 (503 SE2d 590) (1998). Accordingly, the trial court erred in concluding that the officer substantially changed the warning by using the singular "test" in these instances.

(b) Officer Clayton used the word "indicates" instead of "indicate" in the following sentence: "If you submit to testing and the results *indicates* an alcohol concentration. . . ." Although such subject-verb disagreement may offend Officer Clayton's English teacher, it cannot be seriously asserted that this slip of the tongue affected the substance of the implied consent warning.

(c) The statutory warning states that an individual's Georgia driver's license may be suspended if the test results indicate an alcohol concentration of "0.10 grams" or more. OCGA § 40-5-67.1 (b) (2). In reading this sentence, Officer Clayton expressed the numerical value as "a point one-oh grams" instead of "zero point one zero grams." There being no difference between "point one-oh" and "zero point one zero," Officer Clayton's expression was literally correct, and certainly did not change the substance of the notice.

(d) Finally, when advising McGraw of her right to additional tests at her own expense, Officer Clayton stated that McGraw was entitled to "an additional chemical test" instead of "additional chemical tests." In *Rojas*, supra, however, we held that such a misstatement does not change the substance of the implied consent notice.

> In notifying [McGraw] that after submitting to the required state-administered test, she was entitled to an additional chemical *test* of her own choosing, the substance of the notice [Officer Clayton] gave [McGraw] was unchanged. Officer [Clayton] alerted [McGraw] to the fact that she could have additional testing done — that he did not alert her that she could have additional tests performed is not dispositive under the amended OCGA § 40-5-67.1 (b). Furthermore, the officer's failure to advise [McGraw] that she was entitled to additional "tests" was not fatal because the record shows that she rejected the opportunity to have any additional test at all. Because of her rejection of *any* additional test, whether she was advised that she was entitled to more additional "tests" was immaterial.

Id.

Because the implied consent warning read by Officer Clayton substantially complied with OCGA § 40-5-67.1 (b), the trial court erred in granting McGraw's motion to suppress the blood test results.

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 17, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 —

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Thomas E. Csider, Assistant Solicitors,* for appellant.
*William C. Head,* for appellee.