## A99A1070. THE STATE v. McCABE.

(519 SE2d 760)

Judge Harold R. Banke.

The State appeals the trial court's refusal to retroactively apply an amendment to the implied consent statute (OCGA § 40-5-67.1) which eliminated the requirement that the statutory language be read verbatim to a driver suspected of being impaired by drugs.

The underlying case arose on February 23, 1997, after Officer D. L. Nix observed John McCabe commit several traffic violations. Based on the officer's observations of McCabe's driving, McCabe's unacceptable performance on several field sobriety tests, and McCabe's admission that he had been drinking, Nix arrested McCabe for driving under the influence of alcohol. Nix then apprised McCabe of the implied consent rights using a Department of Public Safety

---

form from April 1995.

> Georgia law requires you to submit to a state administered test of your blood, breath, urine or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum of one year. Your refusal to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of zero point ten grams or more your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum of one year. After first submitting to the required state test, you're entitled to an additional chemical test of your blood, breath, urine or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical test of your blood under the Implied Consent law?

McCabe consented to a blood test. After arriving at the jail, McCabe inquired, "[s]o if I take the blood test, it's going to show all the beer I drank during the day?" The State test revealed a blood alcohol concentration of .20.

McCabe filed a motion in limine based on the officer's alleged failure to timely, completely, and adequately inform him of the implied consent notice. The trial court embraced McCabe's argument that the blood alcohol test results were inadmissible since the officer did not read the precise and literal provisions of OCGA § 40-5-67.1. *Held*:

The State contends that the amendment permitting substantial compliance with the notice provisions should be applied retroactively.[1] On that basis, the State contests the exclusion of McCabe's test result.

As a general rule, a reviewing court must apply the law as it exists at the time the court's opinion is rendered rather than the law prevailing at the time of an arrest. *State v. Martin*, 266 Ga. 244, 245 (1) (466 SE2d 216) (1996). An amendment may be applied retroactively if the changes do not affect constitutional or substantive rights and if the legislature did not express a contrary intention. *State v. Nolen*, 234 Ga. App. 291, 292 (508 SE2d 733) (1998); see *State v. Lev-*

---

[1] The amended implied consent statute provides: "[s]uch notice shall be read in its entirety but need not be read exactly so long as the substance of the notice remains unchanged." OCGA § 40-5-67.1 (b) (3).

*ins*, 234 Ga. App. 739, 740 (2) (507 SE2d 246) (1998) (physical precedent only). We have already determined that this amendment is procedural in nature and should be given retroactive application. *State v. Sneddon*, 235 Ga. App. 739, 740 (510 SE2d 566) (1998); *State v. Moncrief*, 234 Ga. App. 871, 872-873 (4) (508 SE2d 216) (1998).

Since the warning provided to McCabe did not recite the exact language of the statute, the question is whether the notice was in substantial compliance. McCabe points out the officer added the word "a"; changed "tests" to "test"; changed "purpose" to "purposes"; enunciated "0.10" as "zero point ten"; changed "you are" to "you're"; and added the word "an." Several of the grammatical variations at issue here were analyzed in *State v. McGraw*, 237 Ga. App. 345, 346-347 (514 SE2d 34) (1999). We found that the use of "test" instead of "tests," and "State's test" rather than "required state tests" did not substantially alter the warning. Id. at 346-347 (2) (a). Nor do we now find that by saying "zero point ten grams," instead of "0.10," that the officer eviscerated the warning. Moreover, here, as in *Rojas v. State*, 235 Ga. App. 524, 527 (1) (509 SE2d 72) (1998), the fact that the warning did not advise McCabe that he could have additional "tests" performed is immaterial since McCabe did not opt to have any additional testing at all. Id.

In sum, the warning advised McCabe that: (1) State law required that he submit to State-administered testing; (2) his refusal to submit to testing would result in suspension of his driver's license for a year and could be offered into evidence against him at trial; (3) test results of .10 grams or more could result in the suspension of his license for a year; and (4) after submitting to State testing, he was entitled to an additional chemical test of his choice at his own expense. See generally *Morrissette v. State*, 229 Ga. App. 420, 423 (2) (a) (494 SE2d 8) (1997). Because we find that warning at issue substantially complied with OCGA § 40-5-67.1 (b), we reverse. *McGraw*, 237 Ga. App. at 347.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 24, 1999 —
RECONSIDERATION DENIED JULY 23, 1999.

*Gwendolyn R. Keyes, Solicitor, Yolanda K. Johnson, Thomas E. Csider, Assistant Solicitors*, for appellant.
*William C. Head*, for appellee.