A05A0734. COSTLEY v. THE STATE.
(610 SE2d 647)

ANDREWS, Presiding Judge.

Donald Costley drove the vehicle he was operating into the rear of another vehicle with such force that the driver of the other vehicle was killed in the resulting crash. In August 2001, Costley was found guilty by a jury on two counts of first degree homicide by vehicle alleging alternative violations of OCGA § 40-6-393 (a). Count 1 alleged that he caused the death by operating the vehicle in violation of OCGA § 40-6-391 (a) (6) while under the influence of methamphetamine and amphetamine, and Count 2 alleged that he caused the death by operating the vehicle in violation of OCGA § 40-6-390 in reckless disregard for the safety of persons or property. Based on a jury charge given by the trial court, Costley was also found guilty of the lesser included offense of second degree homicide by vehicle in violation of OCGA § 40-6-393 (b). The trial court merged the convictions on Count 2 and on the lesser included offense into the conviction on Count 1 and sentenced Costley to serve 15 years in confinement on Count 1. Costley appeals from the judgment of conviction and sentence entered on Count 1.

1. We agree with Costley that the decision in *Cooper v. State*, 277 Ga. 282 (587 SE2d 605) (2003), finding provisions of the implied consent statute (OCGA § 40-5-55 (a)) unconstitutional mandates reversal of his August 2001 conviction on Count 1.

The conviction on Count 1 was based on evidence obtained pursuant to the implied consent provisions of OCGA § 40-5-55 (a) that Costley violated OCGA § 40-6-391 (a) (6) by operating the vehicle while under the influence of methamphetamine or amphetamine. The implied consent statute provides in relevant part that

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, if arrested for any offense

arising out of acts alleged to have been committed in violation of Code Section 40-6-391 or if such person is involved in any traffic accident resulting in serious injuries or fatalities.

OCGA § 40-5-55 (a). Accordingly, OCGA § 40-5-55 (a) provides that a driver is deemed to have given consent to the stated chemical tests under two circumstances: (1) "if [the driver is] arrested for any offense arising out of acts alleged to have been committed in violation of Code Section 40-6-391," or (2) "if [the driver] is involved in any traffic accident resulting in serious injuries or fatalities." It is undisputed that Costley was not arrested after the fatal crash for any offense in violation of OCGA § 40-6-391 nor was there probable cause to arrest him for any such violation. Nevertheless, a State Patrol officer determined that Costley was deemed by the implied consent provisions of OCGA § 40-5-55 (a) to have given consent to the stated chemical tests because he was a driver involved in an accident resulting in a fatality.

Pursuant to this determination, the officer read Costley the implied consent notice for suspects over age 21 as set forth in OCGA § 40-5-67.1 (b) (2). The notice, which was given pursuant to the implied consent provisions of OCGA § 40-5-55 (a), informed Costley that Georgia law required him to submit to state-administered chemical tests of his blood, breath, urine or other bodily substances for the purpose of determining if he was under the influence of alcohol or drugs; that if he refused the testing his driver's license would be suspended for a minimum period of one year, and that his refusal to submit to the required testing could be offered into evidence against him at trial. OCGA § 40-5-67.1 (b) (2). After receiving the implied consent notice, Costley agreed to submit to a state-administered test of his urine. The testing done at the State Crime Lab showed that Costley's urine sample tested positive for the presence of methamphetamine and amphetamine. Costley moved to suppress the introduction of the test results at trial on the basis that the implied consent provisions of OCGA § 40-5-55 (a) were unconstitutional to the extent they required him to submit to a search of his bodily substances without probable cause. The trial court denied the motion, and the test results were admitted into evidence by the state in support of the allegations in Count 1.

This issue is controlled by the Supreme Court's decision in *Cooper*, supra. In *Cooper*, the Supreme Court found that the results of a state-administered blood test obtained pursuant to the implied consent provisions of OCGA § 40-5-55 (a) should have been excluded from evidence at Cooper's DUI trial because there was no probable cause to arrest Cooper for driving in violation of OCGA § 40-6-391. *Cooper*, 277 Ga. at 292. Like the present case, the sole basis for the

implied consent testing done in *Cooper* was that the driver was involved in an accident resulting in serious injuries or fatalities. Id. at 284. In excluding the test results and reversing the DUI conviction, the court in *Cooper* ruled that

> to the extent that OCGA § 40-5-55 (a) requires chemical testing of the operator of a motor vehicle involved in a traffic accident resulting in serious injuries or fatalities regardless of any determination of probable cause [to believe that the operator violated OCGA § 40-6-391], it authorizes unreasonable searches and seizures in violation of the State and Federal Constitutions.

Id. at 291. It follows that the trial court erred by denying Costley's motion to suppress the chemical test results in this case. Since without the test results there was no evidence to support Costley's conviction on Count 1, the judgment of conviction and sentence entered on Count 1 must be reversed.

We find no merit in the state's argument that the 2003 ruling in *Cooper* should not be applied retroactively to reverse the judgment of conviction entered against Costley in 2001. Because Costley's conviction is on direct review in this appeal, it was not final and remained in the so-called "pipeline." *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992). Accordingly, the new rule of criminal procedure regarding implied consent testing established in *Cooper* applies retroactively in this case. Id.; *Handschuh v. State*, 270 Ga. App. 676, 678, n. 6 (607 SE2d 899) (2004); compare *Carter v. Johnson*, 278 Ga. 202 (599 SE2d 170) (2004) (discussing when a new rule of criminal procedure will be applied retroactively to a case out of the "pipeline" on collateral review).

2. Costley's additional enumeration of errors relating to the jury's guilty verdict on Count 2 are not properly before this Court on the appeal from the judgment of conviction on Count 1. The convictions on alternative Count 2 and on the lesser included offense were vacated by operation of OCGA § 16-1-7 (a) when the trial court merged them into the conviction on Count 1 and imposed sentence only on Count 1. *Wade v. State*, 258 Ga. 324, 326 (368 SE2d 482) (1988). Because we reverse the judgment of conviction and sentence on Count 1, we remand this case to the trial court with instructions that judgment of conviction and sentence be entered on the guilty verdicts on alternative Count 2 for first degree homicide by vehicle, and on the lesser included offense. *Brewer v. State*, 271 Ga. 605, 606, 608 (523 SE2d 18) (1999). After entry of the judgment of conviction and sentence, Costley shall have the right to appeal from that conviction. Id.

*Judgment reversed and case remanded with direction. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 17, 2005.

*Sanders, Haugen, Sears & Meeker, Walter S. Haugen*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.