A07A1873. THE STATE v. MORGAN.
(658 SE2d 237)

JOHNSON, Presiding Judge.

The trial court granted Bobby Morgan's motion to suppress results of a state-administered blood test. The state appeals. For the reasons that follow, we affirm.

Morgan was involved in a two-car collision in which two people were killed and several other people were injured. A state trooper who arrived on the scene saw Morgan walking around and talked to him. The officer looked for signs that Morgan was impaired, but saw none. Morgan sustained a head injury in the collision and was transported to the hospital. He was treated and released from the hospital a few hours later.

As Morgan's wife was preparing to drive Morgan away from the hospital, the officer approached the parked car in the parking lot. The

officer was accompanied by a second uniformed officer. Without advising Morgan of any of his rights, the officer asked Morgan "if he would mind giving me a blood test." Morgan agreed to do so. The officer handed Morgan a pre-printed form entitled "BLOOD/URINE SAMPLE CONSENT FORM." The form did not inform Morgan of any of his constitutional or implied consent rights, or indicate that he was waiving any rights by consenting to a test. Morgan signed the form, went back into the hospital with the officers, and submitted to a blood test. The test results showed the presence of marijuana. Morgan was subsequently charged with two counts of homicide by vehicle (driving while under the influence of drugs/marijuana), two counts of homicide by vehicle (reckless driving), four counts of serious injury by vehicle (driving under the influence of drugs/marijuana), four counts of serious injury by vehicle (reckless driving), one count of driving under the influence of drugs (marijuana), and one count of reckless driving.

Morgan moved to suppress the test results contending, inter alia, that he had not been advised of his implied consent rights. The state countered that the implied consent statute was inapplicable because it only applies where the officer has probable cause to believe a suspect is driving under the influence of drugs or alcohol, and the officer in this case lacked such probable cause. Further, the state argued, the implied consent statute does not provide the exclusive means by which police may obtain a blood sample; an officer can always ask an individual to voluntarily consent to a blood test. The trial court granted the motion to suppress.

A suspect's Fourth Amendment right to be free from unreasonable searches and seizures applies to the compelled withdrawal of blood.[1] Georgia's implied consent statute, OCGA § 40-5-55, provides in part that any person who operates a vehicle throughout this state is deemed to have given consent to a chemical test of his blood, breath, urine or other bodily substances for the purpose of determining the presence of alcohol or drugs, if arrested for any offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391 or if such person is involved in a traffic accident resulting in serious injuries or fatalities.[2]

The implied consent statute affords a suspect the opportunity to refuse to submit to a state-administered test of his blood, urine or other bodily substances.[3] The right of refusal is reinforced by the express language of OCGA § 40-5-67.1 (d), which provides in relevant

---

[1] *Cooper v. State*, 277 Ga. 282, 285 (III) (587 SE2d 605) (2003).

[2] OCGA § 40-5-55 (a).

[3] *State v. Collier*, 279 Ga. 316, 316-317 (612 SE2d 281) (2005).

part that if a person under arrest or a person who was involved in any traffic accident resulting in serious injuries or fatalities refuses, upon the request of a law enforcement officer, to submit to a chemical test designated by the law enforcement officer as provided in subsection (a) of this Code section, no test shall be given.[4] An officer's failure to so advise a suspect renders the results of the test inadmissible in evidence.[5] This is true even though our state Constitution generally does not protect citizens from the compelled testing of certain bodily substances and the use at trial of the results of such compelled testing,[6] and even though a suspect may otherwise consent to testing.[7]

From its plain language, it is clear that in enacting the implied consent statute, the legislature intended that drivers be permitted to refuse the chemical testing of their blood, breath, urine or other bodily substances. The legislature also intended that an officer seeking to obtain a chemical test of a person's bodily substances following an accident involving serious injuries or fatalities do so via the implied consent statute.

The officer in this case testified that at the time he requested Morgan's consent to test his blood for alcohol and drugs, Morgan was a suspect in a criminal investigation. The officer also testified that, based on his understanding of recent changes in the law, he was prohibited from requesting a blood test under the implied consent statute in the absence of probable cause and/or an arrest. The officer stated that he made a conscious decision not to advise Morgan of his implied consent rights, and to instead simply ask for his consent.

We do not condone such conduct. Were we to do so, we would effectively eviscerate the implied consent statute. If, under *State v. Collier*,[8] an officer is prohibited from obtaining a search warrant to require a blood test from a DUI suspect following his refusal, it follows that an officer is not permitted to circumvent the implied consent statute by merely requesting consent without giving any implied consent notice or warning.

Contrary to the state's position, *Cooper v. State*[9] does not require a different result. In *Cooper*, the Supreme Court of Georgia held that the implied consent statute is unconstitutional to the extent it

---

[4] Id.

[5] See *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994).

[6] *State v. Collier*, supra at 316-317.

[7] *Harrelson v. State*, 287 Ga. App. 664, 666 (653 SE2d 98) (2007).

[8] Supra at 316-317 (test results suppressed where DUI suspect was given implied consent warning and refused test, then police threatened to obtain a search warrant and forcibly obtain blood sample if suspect did not consent).

[9] Supra at 290-291 (V).

requires chemical testing of an individual's bodily substances where police lack probable cause to suspect him of driving under the influence. Following *Cooper*, this Court reached a similar result in *Costley v. State*.[10] Neither case involved an officer's failure to give the implied consent notice. And neither case held that an officer lacking or claiming to lack probable cause is authorized to ignore the implied consent statute and simply request a chemical blood test for drugs and alcohol from a person suspected of driving under the influence. It is interesting that the state seeks to rely on these cases in which blood test results were *inadmissible* where police lacked probable cause to request a test, to support its position that the results are *admissible* where police lacked probable cause to request a test. The state points to no authority holding that police can, in the course of investigating a serious or fatal traffic accident, request that a DUI suspect submit to testing of his blood for drugs and alcohol, without giving the implied consent notice. We will not permit or encourage the circumvention of the mandatory implied consent statute by police.

Therefore, we hold that in all cases in which police officers request a chemical test of a person's blood, urine or other bodily substances in connection with the operation of a motor vehicle for the purpose of determining whether the driver was under the influence of alcohol or drugs, they must give the notice required by the implied consent statute.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 22, 2008 

*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney*, for appellant.

*David J. Dunn, Jr.*, for appellee.

---

[10] 271 Ga. App. 692, 693 (1) (610 SE2d 647) (2005).