### A09A0836. WILLIAMS v. THE STATE.
(677 SE2d 773)

JOHNSON, Presiding Judge.

Shawn Williams was charged with vehicular homicide, reckless driving, driving while under the influence of a drug, following too closely, and serious injury by vehicle. He moved to suppress results of a blood test that police obtained from him without first informing him of his implied consent rights.[1] The trial court denied his motion, but certified the order for immediate review. We granted Williams' application for interlocutory review. For the reasons that follow, we reverse.

In reviewing a trial court's denial of a motion to suppress, this Court defers to the trial court's findings of disputed facts but reviews de novo the court's application of the law to the undisputed facts.[2] The facts in this case are not in dispute.

In May 2006, Williams was involved in a fatal car accident. One of the investigating officers suspected that Williams might be under the influence of drugs. The officer asked Williams for a blood sample, but did not advise him of his implied consent rights. Williams agreed to give the sample, which showed the presence of marijuana in his system.

Williams moved to suppress the test results based on our recent decision in *State v. Morgan*,[3] which held that in all cases in which police request a chemical test of a person's blood for the purpose of determining whether the driver was under the influence of alcohol or drugs, they must give the notice required by the implied consent statute.[4] In *Morgan*, we noted that the implied consent statute affords a suspect the opportunity to refuse testing, and stated that we will not permit or encourage police to circumvent the mandatory implied consent statute by simply asking individuals, without read-

---

[1] Georgia's implied consent statute, OCGA § 40-5-55 (a), provides in relevant part that any person who operates a motor vehicle in Georgia is deemed to have given consent to a chemical test of his blood for the purpose of determining the presence of alcohol or drugs if arrested for any offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391.

[2] *Petty v. State*, 283 Ga. 268, 269 (658 SE2d 599) (2008).

[3] 289 Ga. App. 706 (658 SE2d 237) (2008).

[4] Id. at 709.

ing the notice, if they will consent to testing.[5]

The state responded to the motion by pointing to an amendment to the implied consent statute, OCGA § 40-5-67.1 (d.1), which provides that nothing in the implied consent statute

> shall be deemed to preclude the acquisition or admission of evidence of a violation of [the DUI laws] if obtained by voluntary consent or a search warrant as authorized by the Constitution or laws of this state or the United States.

The state argued that the amendment, which took effect in July 2006, should be applied retroactively.[6] We disagree.

A statutory amendment may be applied retroactively "if the changes do not affect constitutional or substantive rights and if the legislature did not express a contrary intention."[7] Substantive law is that law which creates rights, duties, and obligations.[8] Where a statute governs only court procedure, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention.[9] Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations.[10]

Georgia's Supreme Court has construed the implied consent law as granting a substantive right of refusal:

> In Georgia, the state may constitutionally take a blood sample from a defendant without his consent. *Strong v. State*, 231 Ga. 514 (202 SE2d 428) (1973). Our "Implied Consent Statute" (OCGA § 40-5-55) thus grants a suspect an opportunity, not afforded him by our constitution, to refuse to take a blood-alcohol test. OCGA § 40-5-55 creates the right to refuse. OCGA § 40-6-392 defines the right.[11]

"[These statutes] grant, rather than deny, a right to a defendant."[12] Moreover, "[t]he right of refusal is reinforced by the express lan-

---

[5] Id. at 707-708.

[6] We note that *Morgan* was decided in 2008, after the effective date of the amendment at issue, but that the amendment was not raised as an issue in that case.

[7] (Citations omitted.) *State v. McCabe*, 239 Ga. App. 297, 298 (519 SE2d 760) (1999).

[8] *State v. Levins*, 234 Ga. App. 739, 740 (2) (507 SE2d 246) (1998).

[9] *Holsey v. State*, 199 Ga. App. 782, 783 (3) (406 SE2d 127) (1991).

[10] *Levins*, supra.

[11] *Allen v. State*, 254 Ga. 433, 434 (1) (a), n. 1 (330 SE2d 588) (1985).

[12] (Footnote omitted.) Id. at 434 (1) (a).

guage of OCGA § 40-5-67.1 (d)."[13]

The state argues that the amendment at issue here simply expands the scope of evidence admissible at trial, and so constitutes a procedural change. To support its position, the state cites cases holding that a different amendment to the implied consent statute was merely procedural and therefore applied retroactively. The amendment in those cases, however, affected only the nonsubstantive specific content of the implied consent warnings and whether the warnings had to be given verbatim.[14] The amendment changed neither the substance of the warnings themselves nor the substance of a defendant's rights as stated in the warnings.[15]

The amendment at issue here, however, is different. It states that nothing in the implied consent law precludes the state from *acquiring* a defendant's voluntary consent to chemical testing, *or admitting* into evidence the results of that testing. The implied consent statute grants drivers *the right to refuse* to take a state-administered test, with one of the consequences of exercising that right being that evidence of such refusal is admissible at trial.[16] Unlike the amendment at issue in the cases relied upon by the state, the amendment here eliminates the need to give the notice where an individual "voluntarily" agrees to testing. This amendment not only changes the substance of the implied consent warning, it does away with the requirement that the warning be given at all where an officer manages to otherwise lawfully obtain consent to testing. This is not merely a procedural or evidentiary change, but one eliminating a defendant's substantive right to refuse to submit to testing. Therefore, the trial court erred in applying the amendment retroactively and in denying Williams' motion to suppress.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 23, 2009.

*Zipperer, Lorberbaum & Beauvais, Steven Beauvais, Eric R. Gotwalt*, for appellant.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.

---

[13] *State v. Collier*, 279 Ga. 316, 317 (612 SE2d 281) (2005).

[14] See, e.g., *State v. McGraw*, 237 Ga. App. 345, 345-346 (1) (514 SE2d 34) (1999); *Rojas v. State*, 235 Ga. App. 524, 526 (1) (509 SE2d 72) (1998).

[15] *State v. Moncrief*, 234 Ga. App. 871, 873 (4) (508 SE2d 216) (1998).

[16] See *State v. Leviner*, 213 Ga. App. 99, 100 (2) (443 SE2d 688) (1994).