**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 30, 2013**

# In the Court of Appeals of Georgia

A13A0610. THE STATE v. HILL.

RAY, Judge.

The State of Georgia appeals from a trial court order granting Victor Keith Hill's general demurrer and dismissing 5 counts of a 37-count indictment against him. The State asserts two enumerations of error: (1) that the trial court erred in finding that because Hill, the sheriff of Clayton County, had a superior ownership interest in his campaign re-election account, that he could not be charged with theft by taking as to his own property; and (2) that the trial court erred in finding that the State was pre-empted from prosecuting Hill for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") because the indictment failed to charge the proper predicate offenses pursuant to OCGA § 16-14-3 (9) (A) and (B). Because we lack jurisdiction, we are unable to reach the merits of this case.

Well-settled law dictates that "[i]t is incumbent upon this Court to inquire into its own jurisdiction." (Citation and punctuation omitted.) *Mays v. Rancine-Kinchen*, 291 Ga. 283, 283 (729 SE2d 321) (2012).

Here, the State filed a notice of direct appeal from the trial court's order. Hill argues that the trial court should have dismissed the State's notice of appeal because the dismissal of only a portion of an indictment is an interlocutory order from which no direct appeal lies. In support of his argument, Hill cites *State v. Outen*, 289 Ga. 579 (714 SE2d 581) (2011), which provides that a trial court's order dismissing fewer than all counts of an indictment is not a final order; thus, a certificate of immediate review was required for an appeal pursuant to the version of OCGA § 5-7-2 (a) then in effect. Id. at 581. The State counters that *Outen* effectively has been overruled by a 2012 amendment to OCGA § 5-7-2 (b) (2). That amendment provides that the State need not obtain a certificate of immediate review to appeal an order described in OCGA § 5-7-1 (a) (1), which includes orders "setting aside or dismissing any indictment … *or any count thereof.*" (Emphasis supplied.) The trial court agreed with the State and refused to dismiss the State's notice of appeal.[1]

---

[1] Hill filed an application for interlocutory appeal from the denial of his motion to dismiss the State's notice of appeal in the trial court. We denied that application.

2

Hill allegedly committed the crimes at issue between January 1, 2007, and June 30, 2011; he was indicted on January 18, 2012. The amendment to OCGA § 5-7-2 became effective July 1, 2012. Therefore, the determinative jurisdictional question is whether the amendment applies retroactively.

It is well settled that

> [a] statutory amendment may be applied retroactively if the changes do not affect constitutional or substantive rights and if the legislature did not express a contrary intention. Substantive law is that law which creates rights, duties, and obligations. . . . Procedural law is that law which prescribes the methods of enforcement of rights, duties and obligations.

(Punctuation and footnotes omitted.) *Williams v. State*, 297 Ga. App. 626, 627 (677 SE2d 773) (2009).

Here, the amended OCGA § 5-7-2 does not, on its face, address whether its procedural aspects are to apply retroactively. "[I]n attempting to ascertain legislative intent of a doubtful statute, a court may look to the caption of the act and its legislative history." (Citation omitted.) *Fulton County v. Colon*, 316 Ga. App. 883, 887 (2) (730 SE2d 599) (2012). Further, it is well settled that the cardinal rule of statutory construction is to discern the intent of the legislature, and if the legislative

intent is clear and expressed unambiguously, no interpretation is needed prior to a court executing its duty to enforce the statute. *Daugherty v. Norville Indus., Inc.*, 174 Ga. App. 89, 90 (329 SE2d 202) (1985).

Here, the legislature plainly and unambiguously expressed its intent in the relevant legislative history, which provides in pertinent part, "this Act shall become effective on July 1, 2012, and shall apply to offenses which occur on or after that date. *Any offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense.*" (Emphasis supplied.) Ga. L. 2012, Act 709/HB 1176, Part IX, § 9-1 (a). See also id. at Part I, §§ 1-1, 1-2.

"Where a statute governs only court procedure . . . it is to be given retroactive effect *absent an expressed contrary intention.*" (Footnote omitted; emphasis supplied.) *Williams*, supra. Here, the legislature expressed such a contrary intention as to the effective date of the statute as a whole. Thus, the version of OCGA § 5-7-2 in effect at the time the offenses were committed applies. "The State having failed to obtain a certificate of immediate review pursuant to OCGA § 5-7-2, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this Court." (Citation and punctuation omitted.) *State v. Ware*, 282 Ga. 676, 678 (653 SE2d 21) (2007).

*Appeal dismissed. Barnes, P. J., and Miller, J., concur.*