**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 11, 2015**

# In the Court of Appeals of Georgia

A14A2294. THE STATE v. GREEN.                                    BO-085C

A14A2296. THE STATE v. GREEN.                                    BO-087C

BOGGS, Judge.

The State appeals from the trial court's orders granting the motions by Carl Green and Quintavis Green ("the Greens") to suppress evidence obtained as the result of an illegal stop without articulable suspicion ("the orders on the motions to suppress"). The State also appeals from the trial court's orders dismissing 14 counts of the indictment against the Greens on account of the State's failure to preserve exculpatory evidence ("the dismissal orders").[1] The Greens have moved to dismiss

---

[1]Quintavis Green's amended motion asserting the State's failure to preserve exculpatory evidence is styled "Defendant's Amended Motion to Suppress; Motion to Dismiss; and Brief in Support." The trial court's order granting that motion is styled "Order Granting Defendant's Motion to Suppress Pursuant to the State Failing to Preserve Evidence." But the trial court expressly found that the State acted in bad

the State's appeals of the dismissal orders for lack of jurisdiction. Because the State failed to secure certificates of immediate review under the version of OCGA § 5-7-2 applicable to this indictment, we dismiss the appeals from those orders. And because our dismissals resolve the counts upon which the trial court granted the motions to suppress, we also dismiss the State's appeals of the orders on the motions to suppress as moot.

1. The trial court entered the dismissal orders based upon the State's failure to preserve exculpatory evidence, finding that the State destroyed evidence in bad faith and that no alternative means of recovering that evidence existed. As a result, it dismissed 14 counts of the indictment. The Greens have moved to dismiss the State's appeals from these orders on the ground that this court lacks jurisdiction under OCGA § 5-7-2, because the State failed to obtain a certificate of immediate review.

The Greens were arrested on September 11, 2011 and indicted as part of a 116-count indictment naming 32 defendants. Both Greens were jointly charged in seven counts with hijacking a motor vehicle, armed robbery, aggravated assault, and four

_____

faith in failing to preserve the evidence, that it could not reasonably be reproduced, and that Green's due process rights were violated, and it ordered the relevant counts of the indictment "DISMISSED with prejudice." "[T]he appealability of an order is ultimately determined by its substance and effect, not its nomenclature. [Cit.]" *State v. Singh*, 291 Ga. 525, 526 (1) (731 SE2d 649) (2012).

2

counts of "Violation of Street Gang Terrorism and Prevention Act" ("gang activity"). Quintavis Green was individually charged with one additional count of gang activity and possession of a firearm during the commission of a felony; Carl Green was individually charged with three additional counts of gang activity, possession of a firearm during the commission of a felony, and two counts of carrying a weapon without a license.

The Greens moved to suppress statements and other evidence based on violation of the reciprocal discovery rules and to dismiss the indictment against them on due process and confrontation clause grounds. A hearing was held at which the investigating officers and the records custodian for the police department testified that the recorded interviews with the Greens and the man who was arrested with them had been destroyed. After the hearing, the trial court entered orders finding that the interviews were exculpatory and favorable to the Greens, that this was known to the investigators, and that they failed to preserve the interviews in violation of department policy. It further concluded that the State acted in bad faith in failing to preserve the interviews, that the destroyed evidence was exculpatory, and that there was no reasonable alternative means to recover it. It therefore dismissed the

3

indictment as it pertained to the Greens.[2] The State did not obtain certificates of immediate review, but filed direct appeals "from the trial court's September 13, 2013, orders granting the Defendant's motions to suppress and dismiss."

OCGA § 5-7-1 (a) (1) now provides that the State may appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or petition alleging that a child has committed a delinquent act or any count thereof."[3] But at the time of the acts for which the Greens were indicted, OCGA § 5-7-2 provided in its entirety:

> Other than from an order, decision, or judgment sustaining a motion to suppress evidence illegally seized, in any appeal under this chapter where the order, decision, or judgment is not final, it shall be necessary that the trial judge certify within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that an immediate review should be had.

---

[2]The trial court incorporated its findings in the order on Quintavis Green's motion into its order on Carl Green's motion.

[3]The State does not argue that the dismissal order is appealable under OCGA § 5-7-1 (a) (4). The dismissal order is in any event not an order "suppressing or excluding evidence *illegally seized*." (Emphasis supplied.) Id. See also former OCGA § 5-7-2, infra.

4

OCGA § 5-7-2 was amended in 2012 to provide, inter alia, that a certificate of immediate review is no longer required to appeal from an order dismissing only part of an indictment under OCGA § 5-7-1 (a) (1). OCGA § 5-7-2 (b) (2). But the enacting legislation specifically provides that "this Act shall become effective on July 1, 2012, and shall apply to offenses which occur on or after that date. Any offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense." Ga. L. 2012, p. 899, § 9-1 (a). See also *State v. Hill*, 321 Ga. App. 679, 681 (742 SE2d 497) (2013). As noted above, the Greens were arrested and charged in 2011, so the former rule applies.

As the Greens observe, our Supreme Court has addressed the question of our jurisdiction under OCGA § 5-7-2 in *State v. Outen*, 289 Ga. 579 (714 SE2d 581) (2011). There, the trial court granted a plea in bar as to one count of a two-count indictment. The State appealed, and this court affirmed the plea in bar, but our Supreme Court reversed, observing:

> The ability of the State to appeal in a criminal case is governed by OCGA §§ 5-7-1 and 5-7-2. In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the State in criminal cases. If the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.

5

(Citations and punctuation omitted.) Id. at 580. The court further noted:

> The trial court's order dismissing Count 1 of the indictment is not a final order; Count 2 remains in the trial court. Accordingly, by the plain terms of OCGA § 5-7-2, a certificate of immediate review was required.

> The requirement of OCGA § 5-7-2 will not be bypassed. OCGA § 5-7-1 et seq. must be construed strictly against the State and liberally in favor of the interests of defendants. The State did not secure the required certificate, and the order granting the special demurrer as to Count 1 is thus not appealable; the State's attempted appeal is nugatory and does not activate appellate jurisdiction.

(Citations and punctuation omitted.) Id. at 581. The Supreme Court accordingly vacated the judgment and directed this court to dismiss the appeal for want of jurisdiction. Id.; see also *Hill*, supra, 321 Ga. App. at 681 (five counts of 37-count indictment dismissed; "[t]he State having failed to obtain a certificate of immediate review pursuant to OCGA § 5-7-2, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this Court.")

Here, the trial court dismissed only 14 counts of a 116-count indictment, leaving the remainder of the indictment pending below. In its response to the Greens' motions to dismiss, the State argues only that all the counts against these two defendants were dismissed, so that the prosecution has terminated *as to them*. But

6

neither the statute nor the case law treats such an order as "final" for purposes of appealability. In *State v. Ware*, 282 Ga. 676 (653 SE2d 21) (2007), our Supreme Court in applying OCGA § 5-7-2 addressed the question of whether a trial court order granting a new trial in a criminal case was "final." In making its determination, the court looked to the analogous provisions in civil cases, and concluded that the grant of a new trial in a criminal case is not "final" for purposes of appeal "because it results in the continuing pendency of the case in the lower court. [Cit.]" Id. at 677. In civil litigation, "[i]n the absence of express direction by the court, any order, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." (Citations and punctuation omitted.) *Fulton County Bd. of Tax Assessors v. Toro Properties VI, LLC*, 329 Ga. App. 26, 28 (763 SE2d 496) (2014). "While the case was still pending as to some parties, the judgment in favor of others was not final. [Cits.]" *Lawson v. Athens Auto Supply & Electrical, Inc.*, 200 Ga. App. 609, 611 (1) (409 SE2d 60) (1991). By analogy, the dismissal of fewer than all the counts of an indictment, even if it disposes of all counts against a particular defendant, therefore is not "final" for purposes of appeal. This is particularly true in light of our

7

appellate courts' consistent holding that "OCGA §§ 5-7-1 and 5-7-2 must be strictly construed against the State. [Cits.]" *Ware*, supra, 282 Ga. at 677.[4]

"The State having failed to obtain a certificate of immediate review pursuant to OCGA § 5-7-2, the attempted appeal is nugatory and does not activate the appellate jurisdiction of this Court." (Citation and punctuation omitted.) Id. at 678. Appellees' motions to dismiss therefore are granted, and the appeals from the dismissal orders are dismissed.

2. Because the trial court dismissed all the counts of the indictment as to which the motions to suppress would be applicable, and we have affirmed those dismissals, the State's appeals of the trial court's orders granting the Greens' motions to suppress are dismissed as moot. "[T]he general rule is that if [appellant] would receive no

---

[4]The State cites a decision of this court, *State v. Henderson*, 283 Ga. App. 111 (640 SE2d 686) (2006), in which one count of an indictment was dismissed and the other apparently remained pending below, but we nevertheless addressed the appeal under OCGA § 5-7-1 (a). Id. at 111-112 (1). But there, the issue presented was different: the appellant claimed that the dismissal amounted to an acquittal and therefore was not appealable. The question of whether the judgment was "final" within the meaning of OCGA § 5-7-2 was not addressed. Id. Moreover, as the Supreme Court made clear in *Outen*, supra, 289 Ga. at 582, when an issue of jurisdiction is neither raised nor ruled upon in an appellate decision, the question only "'lurk[s] in the record'" and the exercise of jurisdiction is not precedential.

benefit by reversal of the case, it is moot." (Citation, punctuation and footnote omitted). *Clark v. State*, 301 Ga. App. 354, 355 (687 SE2d 593) (2009).

*Appeals dismissed. Barnes, P. J., and Branch, J., concur.*